# United States District Court
# District of Massachusetts

IN RE: PETER J. McQUILLAN, ESQUIRE      M.B.D. NO. 2010-10437-RBC

## JUDGMENT RE: CIVIL CONTEMPT

COLLINGS, U.S.M.J.

Reference is made to the Memorandum, Etc., entered December 30, 2010.

The Court hereby finds Peter J. McQuillan, Esquire, in civil contempt of Court for failing to be present at 9:00 A.M. for the jury trial in the case of *Aiello v. Manzi,* 2008 cv 10635. Attorney McQuillan did not arrive until 9:30 A.M. on that date. As a result, the Court, the clerk, the court reporter, plaintiff's counsel and the jurors were kept waiting for a full half hour during which the trial could not progress. At a show cause hearing on December 3, 2010, Attorney McQuillan stated that he had no excuse for being tardy on the 17th; he said he thought he had left in time but obviously had not.

The Court will sanction Attorney McQuillan by requiring him

*personally*[1] to pay a monetary sanction to account for the time which was wasted by the Court, the clerk, the court reporter, plaintiff's counsel and the jurors. *See In Re Kave,* 760 F.2d 343, 351 (1 Cir., 1985).

The amount of the monetary sanction is calculated as follows:

*Amount to be paid to the United States*

*Jurors:* There were ten jurors who are paid $40 per day. The jurors' day on November 17, 2010 would have been from 9:00 A.M. to 3:00 P.M. with an hour for lunch, i.e. 5 hours. The cost to the United States for the loss of one-half hour of ten jurors' time is $**40.00.**

*Court, Courtroom Deputy Clerk, Court Reporter*: Based on the salaries of the Judge, the Courtroom Deputy Clerk, and the Court Reporter, the combined total of one-half hour of their time is $**78.00.**

*Amount to be paid to the Plaintiff's Attorneys*

*Plaintiff's Attorneys:* The hourly rates for the two attorneys who were present at 9:00 A.M. on November 17, 2010 were $350 per hour and $250 per hour respectively. The cost for them for one-half hour of their time is $175 and $125 respectively.

Accordingly,

IT IS ORDERED AND ADJUDGED:

Attorney McQuillan shall pay into the Registry of the Court the sum of one hundred eighteen dollars ($118.00) as a civil contempt sanction for wasting the time of the jurors, the Court, the Courtroom Deputy Clerk and the

---

[1] The monetary sanctions shall be paid by Attorney McQuillan out of his own personal funds and shall not be reimbursed by any of the clients he represents in the case of *Aiello v. Manzi,* 08 cv10635.

Court Reporter on November 17, 2010.

Attorney McQuillan shall pay to the law firm of Lichten & Liss-Riordan, P.C., or an entity designated by the law firm of Lichten & Liss-Riordan, P.C., the sum of three hundred dollars ($300) as a civil contempt sanction for wasting the time of plaintiff's attorneys.

The within Judgment shall become final on January 18, 2011, and the payments specified must be made on or before the close of business on January 21, 2011 unless Attorney McQuillan files an objection to the finding of civil contempt and/or the sanctions specified by the Court. If an objection is filed by close of business on January 18, 2011, the Court will set new dates for the Judgment to become final and the monetary payments to be made after the objections are resolved.

*/s/ Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

January 4, 2011.

3